### PRATT v. CITY OF CLEVELAND et al.

(Circuit Court, N. D. Ohio, E. D. December 10, 1908.)

No. 7,532.

1. RAILROADS (§ 113*)—TRACKS—RELOCATION—ABUTTING PROPERTY OWNER—DAMAGES.

Under the general law relating to the authority of a railroad company to relocate its tracks, no right of action arises in favor of an abutting property owner who in consequence of the relocation suffers diminution in value or loss from his inability thereafter to connect his property by switches or otherwise with the railroad tracks.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 351–364; Dec. Dig. § 113.*]

2. RAILROADS (§ 99*)—GRADE CROSSINGS—ABOLITION—DAMAGES TO PROPERTY OWNER.

Rev. St. Ohio § 3337—9, with reference to the abolition of railroad grade crossings, provides that all claims for damages must be filed as provided by section 2315. Section 3337—10 provides that the ordinance for the improvement shall contain a statement of damages claimed, or likely to accrue. Section 3337—12 declares that the cost of the improvement including the cost of land purchased or appropriated and damages to abutting property shall be apportioned according to a prescribed mode,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

191 F.—5

and section 3337—15 provides that all claims for damages filed according to section 3337—9 shall be assessed and determined according to sections 2316–2326, inclusive. *Held*, that the damages referred to were the damages sustained to property abutting the street, and not to property abutting the railroad, and that the statute did not contemplate an allowance either against the city or the railroad company of incidental damages to an owner of property abutting the railroad resulting from his inability thereafter to connect his property with the railroad by switches as he had been previously enabled to do.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–304; Dec. Dig. § 99.*]

At Law. Action by Herbert L. Pratt against the City of Cleveland and the Pennsylvania Company. On motion to strike certain parts of a petition. Granted.

Ford, Snyder & Tilden (Alonzo M. Snyder, of counsel), for plaintiff.
Newton D. Baker, City Sol., and W. D. Wilkin, Asst. City Sol., for defendant City of Cleveland.
Squire, Sanders & Dempsey, for defendant Pennsylvania Co.

TAYLER, District Judge. This is an action brought by the plaintiff, Herbert L. Pratt, a citizen of the state of Michigan, against the city of Cleveland and the Pennsylvania Company for damages which the plaintiff alleges have accrued to him in consequence of the abolishment of the crossing at grade of Harvard street in the city of Cleveland by the tracks of the Pennsylvania Company.

Among the items of damage claimed by the plaintiff are certain allegations to the effect that, prior to the changes made necessary to abolish the grade crossing, the property of the plaintiff adjoined the tracks of the Pennsylvania Company as the tracks were then located, and that his property was then used for a coalyard, and had then, and had had for many years, a switch thereto from the railroad tracks; that, in abolishing the grade crossing, it became necessary and was a part of the plan to relocate the railway tracks and to change the grade thereof to a grade above the present grade of plaintiff's property. These and other similar allegations the defendant the city of Cleveland moves to have stricken out. The question raised by this motion is this: Can the plaintiff recover, against the municipal corporation and the railroad, as damages arising out of the improvement, made under authority of Revised Statutes of Ohio, §§ 3337—8, 3337—17, the damages which resulted from a relocation of the line or grade, or both, of the railroad company's tracks?

[1] It must be admitted that, under the general law relating to the power and authority of a railroad company to relocate its tracks, no right of action arises in favor of an abutting property owner who, in consequence of the relocation of the tracks of the railroad, has suffered a diminution or loss in his ability to connect his property by switches or otherwise with the railroad tracks as theretofore existing. When, therefore, the result of the separation of the railroad and highway crossings is to so relocate the line or grade of the railroad tracks as to cut off access to the adjoining property, may the damages thus ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cruing be recovered from the municipal corporation and the railroad company?

Section 3337—9, with reference to this subject, provides that "all claims for damages by reason of such improvement must be filed in the manner and within the time provided by section 2315, Revised Statutes."

Section 3337—10 provides that the ordinance to be passed providing for the improvement shall contain, among other things, "a statement of the damages claimed or likely to accrue by reason thereof."

Section 3337—12 provides that "the cost of the construction of the improvement in the crossing, including the cost of land or property purchased or appropriated and the payment of damages to abutting property shall be apportioned as follows."

Section 3337—15 provides that "all claims for damages by reason of such improvement, filed in accordance with the provisions of 3337—9, shall be assessed and determined in accordance with the provisions of 2316 to 2326, inclusive, of the Revised Statutes."

[2] Taking these provisions of the statute providing for the method by which grade crossings may be abolished in connection with the general provisions of the statute just referred to respecting the liability of a railroad company for damages to abutting property owners by reason of its change of line or grade, we are led, as it seems to me, to the inevitable conclusion that the damages referred to in the statute providing for the abolishment of grade crossings does not contemplate allowance of incidental damages to an owner of property abutting the railroad. The abutting property referred to in the statute is the property abutting the street. This becomes more manifest when we discern that in the case of an improvement of the street, where abutting property owners have improved their property with respect to an established grade, the property owner always has a right of action against the city where a change of grade is made. So the law applicable to the case of a change of grade due to the abolishment of grade crossings is to the same effect as the law which allows damages for change of grade for any other reason; and, as I have already observed, the railroad company would not be liable to an abutting property owner for any change in its own line.

It would, therefore, seem that the statute providing for abolishment of grade crossings was intended to make provision for the payment of such damages as are ordinarily caused by a change of grade of a street, and, by requiring the claims to be filed before the improvement is commenced, those who are required to pay the cost of the improvement may be fully advised as to the extremity of the obligation which would be laid upon them in consequence of the making of the improvement.

Much emphasis is given by counsel for the plaintiff to the case of Railroad Company v. Blacker, 178 Mass. 386, 59 N. E. 1020, which was a case involving the abolishment of a grade crossing, under a statute not dissimilar to our Ohio law. It appears, however, that in that case, in order to make the improvement, it was necessary to take a strip of land some 16 feet wide and about 800 feet long, belonging

to the landowner, who was allowed damages on account of the destruction of his railroad facilities, incident to the abolishment of the grade and the taking of his land. The damages allowed to him were damages to the residue, thus invoking a familiar principle and practice in the allowance of damages to landowners a portion of whose land is taken in consequence of a public improvement. This element is absent in the case at bar and supplies a fundamental distinction between it and the Massachusetts case.

It follows from this that the motion is well taken,. and that those parts of the petition which the defendant the city of Cleveland asks to be stricken out must be stricken out.